**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RONALD S. JOHNSON**,

        **Petitioner**,

**v.**                                        **Civil No.  2:06cv43**
                                                 **(Judge Maxwell)**

**JOYCE FRANCIS, Warden,**

        **Respondents.**

**<u>REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR
DEFAULT JUDGMENT, MOTION FOR JUDGMENT OF DEFAULT
AND MOTION TO STRIKE DEFAULT JUDGMENT</u>**

Petitioner initiated this case on April 21, 2006, by filing an Application for Habeas

Corpus Pursuant to 28 U.S.C. § 2241.  On May 2, 2006, the undersigned made a preliminary

review of the file and determined that summary dismissal of the petition was not warranted and

directed the respondent, Warden Francis, to respond to the petition in thirty days.  On June 1,

2006, Warden Francis filed a motion for enlargement of time to file a response to the petition.

That motion was granted on June 2, 2006, and a response was due June 12, 2006.[1]  The

respondent filed a response on June 12, 2006.  This case is before the undersigned on petitioner's

Motion for Default Judgment ("first motion for default"), Motion for Judgment of Default

("second motion for default"), and Motion to Strike Default Judgment.

## I.  First Motion for Default Judgment

In his first motion for default judgment, the petitioner asserts that he initiated this case

against Warden Joyce Francis, FCI-Gilmer, the Federal Bureau of Prisons (BOP), the

---

[1] Although the Order states that the respondents answer is due on June 11, 2006, the Court notes
that June 11th was a Sunday, thereby making the respondent's response due on Monday, June 12, 2006.
<u>See</u> Rule 6(a) of the Federal Rules of Civil Procedure ("The last day of the period so computed shall be
included, unless it is a Saturday, Sunday, or a legal holiday, . . .  in which event the period runs until the
end of the next day . . . ").

Department of Justice ("DOJ"), the Office of the Solicitor General of the United States, and the Attorney General of the United States. However, petitioner asserts that the only party to file a response to the petition was Warden Joyce Francis. Therefore, petitioner asserts that he is entitled to a default judgment against the non-responding parties.

On June 16, 2006, the United States filed objections to the petitioner's first motion for default judgment. In those objections, the United States argues that only Warden Francis was ordered to file a response to the petition. Moreover, the United States argues that FCI-Gilmer, the BOP, the DOJ, the Office of the Solicitor General, and the Attorney General are not proper parties to this action. Thus, the United States requests that petitioner's first motion for default be denied.

A review of the file in this case shows that on the standard form petition, the petitioner names only Warden Francis as the respondent in this case. Therefore, the Clerk properly opened this case against the named respondent, Warden Francis. However, upon a further review of the pleadings, the Court notes that in his memorandum in support of the petition, the petitioner also names as respondents, FCI-Gilmer, the BOP, the DOJ, the Office of the Solicitor General, and the Attorney General. Nonetheless, in an action filed under 28 U.S.C. § 2241, the only proper respondent is the petitioner's immediate custodian. See 28 U.S.C. § 2242; see also Rumsfeld v. Padilla, 542 U.S. 426, 434-442 (2004). A prisoner's immediate custodian is the Warden at the facility in which he is incarcerated because the Warden is the person with the ability to produce the prisoner's body before a habeas court. Padilla at 435. Therefore, this case was properly initiated and served only as to Warden Francis. See 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.")

Accordingly, petitioner is not entitled to a default judgment against FCI-Gilmer, the BOP, the DOJ, the Solicitor General, or the Attorney General as they were not served with copies of the petition and are not proper parties to this action.

## II.  Petitioners' Second Motion for Default Judgment

On June 28, 2006, the petitioner filed a second motion for default judgment.  In this motion, petitioner asserts that Warden Francis' failure to timely file a response to the petition entitles him to a default judgment.  Petitioner asserts that the order granting Warden Francis an extension of time to file a reply states that the response is due on June 11, 2006.  Because Warden Francis has failed to explain why her response was filed one-day after the stated deadline, petitioner asserts that he is entitled to a default judgment as to that respondent.

As previously noted, the Court's Order granting Warden Francis an extension of time to file a response does state that her response is due June 11, 2006.  See note 1, *infra*.  However, since that day is a Sunday, the response was actually due on June 12, 2006.  Id.  Therefore, Warden Francis' response was timely and petitioner is not entitled to a default judgment for the reasons requested in his motion.

## III.  Motion to Strike Default Judgment

In this motion, petitioner asks the Court to "strike default judgment against[] the following respondent(s), Federal Bureau of Prisons, the United States Department of Justice, the Office of the Solicitor General of the U.S. Dept. of Justice, and Roberto (sic) Gonzalez, Attorney General of the U.S. Dept. of Justice."  Motion (dckt. 12) at 1.  Petitioner asserts that his motion for default was mischaracterized and because he has since filed a request for default judgment against Warden Francis, "does not wish this default motion to be construed with said default

motion against the above respondent(s)."  Id.

First, the Court is confused by petitioner's motion.  Petitioner makes this motion as if the Court has already granted a default judgment against the BOP, the DOJ, the Solicitor General, and the Attorney General.  That is simply not the case.  Moreover, because petitioner has filed two motions for default judgments, it is not clear which "said motion" the petitioner is referring to.  However, the Court will presume petitioner means his first motion for default since that motion pertains to the BOP, the DOJ, the Solicitor General, and the Attorney General.

Finally, the Court does not know how petitioner's "said motion for default" could be mischaracterized given that the motion was titled "Motion for Default Judgment" and specifically requests a default judgment against FCI-Gilmer, the BOP, the DOJ, the Solicitor General, and the Attorney General of the United States for the failure to respond to the petition.  Motion (dckt. 8) at 1.  Thus, because it is not clear what relief the petitioner is requesting, the undersigned recommends that the motion be denied.

### IV.  Recommendation

Based on the foregoing, it is the recommendation of the undersigned that the petitioner's Motion for Default Judgment (dckt. 8), Motion for Judgment of Default (dckt. 10), and Motion to Strike Default Judgment (dckt. 12) be DENIED.

Within ten (10) days after being served with a copy of this Report and Recommendation, and party may file written objections with the Clerk of Court.  The written objections shall identify those portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  Failure to timely file objections to the Recommendation

set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner and any counsel of record.

DATED: July 24, 2006.


/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE