# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RONALD S. JOHNSON,

      Petitioner,

v.                                                              Case No. 2:06cv43
                                                                  (Judge Maxwell)

JOYCE FRANCIS, Warden,

      Respondent.

## REPORT AND RECOMMENDATION

On April 21, 2006, the petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and paid the $5.00 filing fee. On May 2, 2005, the respondent was directed to answer the petition. After the granting of a motion to extend time, an answer was filed on June 12, 2006.

This matter, pending before me for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., is ripe for review.

## I. Conviction and Sentence

On October 17, 2003, petitioner entered a plea of guilty in the Superior Court of the District of Columbia to the charge of assault with a dangerous weapon - meat cleaver. (Doc. 7-2, p. 1). The petitioner was sentenced to three years imprisonment with the execution of the sentence suspended for all but fifteen months, three years supervised release which was suspended during the term of probation, and two years supervised probation. The petitioner was also ordered to attend a domestic violence intervention program and to perform fifty hours of community service. (Doc. 7-2, p. 2). The petitioner did not appeal his sentence nor did he file a motion attacking his sentence pursuant to District of Columbia Code Section 23-110. (Doc. 7-2, pp. 3-6). On May 13, 2005, the petitioner's probation was revoked, and he was sentenced to fifteen months imprisonment with no credit for time served and three years supervised release. (Doc. 7-2, p. 2).

## II. Claims of Petition

Petitioner now brings this case pursuant to § 2241 raising the following grounds for relief:

(1) the sentencing court did not have the authority to sentence him to "supervised release";

(2) his sentence is void pursuant to the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which held that the United States Sentencing Guidelines violated the Fifth and Sixth Amendments.

## III. The Respondent's Answer

In response to the Petition, the respondent asserts that the Petition should be denied. In doing so, the respondent argues that although petitioner is considered a "state" prisoner for purposes of federal habeas law, he is prohibited by D.C. Code § 23-110 from using § 2241 as a vehicle to challenge the validity of his D.C. conviction and sentence without a showing that the remedy under § 23-110 was inadequate or ineffective. The respondents further argues that petitioner has failed to demonstrate that the remedy under § 23-110 was inadequate or ineffective.

## IV. Analysis

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

Section 23-100(g) provides:

> An application for a writ of habeas corpus in behalf

> of a prisoner who is authorized to apply for relief by motion
> pursuant to this section, **shall not be entertained** by the
> Superior Court or **by any Federal or State court** if it appears
> that the applicant has failed to make a motion for relief under
> this section or that the Superior Court has denied him relief,
> unless it also appears that the remedy by motion is inadequate
> or ineffective to test the legality of his detention.

(Emphasis added).

Therefore, prisoners, such as this petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.)(*per curiam*), *cert denied*, 479 U.S. 993 (1986); *see also* Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110."). If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, supra at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."** Blair-Bey, supra at 1042 (emphasis added.) In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court...."Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia

prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, supra at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective'". Blair-Bey, supra at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review." Perkins v. Henderson, 881F.Supp. 55, 59 (D.D.C. 1995); see also Swain, supra at 377("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255"). Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, supra at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

Here, the petitioner has made no demonstration that the remedy available under § 23-110 was an "inadequate or ineffective" means of challenging his sentence. Indeed, it appears that petitioner has so far failed to seek relief under the provision, there being no reference to a prior motion in his present application and no docket entry from his criminal case indicating that such a notion was filed. Moreover, even if petitioner unsuccessfully pursued his challenge under § 23-110, this failure would not itself be sufficient to demonstrate the inadequacy or ineffectiveness required to support jurisdiction here. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A

4

petitioner may not complain that the remedies provided him by ...§ 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

## VI. Recommendation

For the reasons stated in this opinion, it is recommended that the § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: February 11, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE